# Samuel K. Louchheim, Appellant, *v.* Howard A. Loeb, Trustee.

*Contracts—Mortgages—Bonds—Commissions.*

In an action of assumpsit to recover commissions for obtaining a loan, to be secured by a mortgage, it appeared that the defendant, who was trustee for himself and other parties, had agreed to pay the plaintiff a commission for placing a loan, to be secured by a first mortgage upon real estate. It further appeared that the plaintiff had secured an investor willing to make the loan upon condition that the defendant give his personal bond, with warrant of attorney to confess judgment, in addition to the security of the mortgage. In such case, the plaintiff cannot be considered to have fulfilled the terms of his contract, and judgment of nonsuit was properly entered.

When a party undertakes to obtain a loan of money for a trustee, he has no right to assume, in the absence of an express covenant to that effect, that the trustee will enter into any obligation which will bind other than the property belonging to the trust.

Argued October 16, 1919.    Appeal, No. 247, Jan. T., 1919, by plaintiff, from judgment of C. P. No. 4, Phila. Co., March T., 1917, No. 1881, entering nonsuit against the plaintiff in the case of Samuel K. Louchheim v. Howard A. Loeb, Trustee. Before ORLADY, P. J., PORTER, HENDERSON, HEAD and KELLER, JJ. Affirmed.

Assumpsit for services alleged to have been rendered. Before AUDENRIED, P. J.

The opinion of the Superior Court states the case.

The court below entered a judgment of nonsuit which it subsequently refused to take off. Plaintiff appealed.

*Error assigned,* the action of the court in overruling plaintiff's motion to take off nonsuit.

*Yale L. Schekter,* for appellant.—The contract of the parties cannot be varied and contradicted by an alleged

secret and undisclosed understanding of one of the parties: Baugh's Exrs. v. White, 161 Pa. 632; Wallace v. Baker, 1 Binn. 610; Fisher v. Deibert, 54 Pa. 460; Dimeling v. R. R. Co., 215 Pa. 480; Bible v. Boro., 19 Pa. Superior Ct. 136.

*Fox & Rothschild,* for appellee.

OPINION BY PORTER, J., February 28, 1920:

The plaintiff seeks to recover in this action for services alleged to have been rendered in procuring an investor willing to loan $40,000, to be secured by a first mortgage upon real estate. It developed at the trial, in the presentation of plaintiff's case, that the party who was to advance the money declined to complete the transaction unless Howard A. Loeb would execute a bond, with warrant of attorney to confess judgment, for the amount of the loan, thus rendering Mr. Loeb personally liable for the amount of the debt. The court below entered a judgment of nonsuit which it subsequently refused to take off, and the plaintiff appeals.

The legal title to the property upon which it was proposed to obtain the loan was in Howard A. Loeb, who had, however, executed an instrument declaring that he held the title in trust for eight persons named, he, himself, being entitled to fifteen one hundred and tenths of the beneficial interest; the plaintiff, Samuel K. Louchheim, being entitled to twenty-six one hundred and tenths and the remainder of the beneficial interest being distributed among six other parties in various amounts. The beneficial owners of the property, among them this plaintiff, had a meeting on December 5, 1916, at which they discussed various propositions with regard to providing for certain mortgages which were upon the property and this plaintiff suggested that he could obtain a new loan for $40,000, to be secured by a first mortgage upon the property, and it was agreed that if he succeeded in placing the mortgage that he should be

paid a fee of $400. Mr. Loeb, upon the request of the plaintiff, sent to the latter, on December 6, 1916, a letter confirming this agreement. The material portions of the letter are as follows:

"On behalf of the owners of the property, northwest corner of Eleventh and Cambria streets, this city, for whom I am acting as trustee, I beg to confirm their acceptance of your tender that you try to secure on or before December 31, 1916, a loan of forty thousand ($40,-000) dollars, to be secured by a first mortgage on the above named premises......I am further requested to advise you that in the event of your securing the above described loan on or before December 31, 1916, you are to be paid a fee of four hundred ($400) dollars for your services."

The plaintiff, the next day, addressed a letter to Mr. Loeb formally accepting the proposition. It will be observed that the letter of Mr. Loeb, stating the proposition, says nothing about the execution of any bond to accompany the mortgage. The plaintiff testified at the trial that nothing was said about the execution of a bond at the meeting on December 5th, nor at any time until after he had procured a party willing to make the loan. The plaintiff testified that when he had procured the party willing to make the loan upon the mortgage he notified Mr. Loeb, who then told him that he would not give his personal bond accompanying the mortgage. After the plaintiff had had the conversation with Mr. Loeb he addressed a letter to the latter, the material portions of which are as follows:

"I had pursuant to your authorization, succeeded in placing a first mortgage of forty thousand ($40,000) dollars upon the premises......, on the terms fully set forth in your letter to me of the 6th inst. You have seen fit to introduce a new term into this matter, namely, a straw bond together with the collateral bond of the various parties in the proportionate amount of their respective interests in this property. This new term

is not agreeable to my party. You understand, of course, that this in no way affects my right to the fee of four hundred ($400) dollars......I will, however, use my best efforts to induce Mr. Wasserman to accept your new conditions."

The plaintiff testified that he did make an effort to induce Mr. Wasserman to accept this proposition, with regard to the bond, and that Wasserman, the proposed investor, refused to "be burdened by a lot of bonds outside of the one accompanying the mortgage." He distinctly testified, in reply to a question by the court, that he expected Mr. Loeb to extend his personal credit, in order to secure the loan, and, not only that, but that the bond given by Mr. Loeb should contain a warrant of attorney to confess judgment against him. On January 9, 1917, the plaintiff sent to Mr. Loeb the following letter:

"Since writing my letter of the 16th of December I have endeavored to have Mr. Wasserman accede to your new terms, but without success. I now have his definite reply that he will not accept the mortgage on that basis. I herewith enclose my bill for services rendered in this matter in accordance with our written understanding."

Mr. Loeb refused to pay the bill and the plaintiff thereupon brought this action.

Contracts are to be construed in the light of the circumstances in which they are entered into and the relation of the parties to each other and to the subject-matter. This plaintiff knew all about the property with regard to which he was dealing; he was, himself, the real owner of practically one-fourth interest in the property, Mr. Loeb owned less than one-seventh of it, although the entire legal title was in him vested.

When the owners, at their meeting on December 5th, entered into the arrangement with regard to procuring the mortgage, there was nothing said about the form of any bond or whether any bond should accompany the mortgage. A mortgage may be perfectly valid although

accompanied by no collateral obligation.   Such an instrument imposes no individual liability on the mortgagor, unless it contains covenants to that effect.   This plaintiff undertook to obtain the loan upon a first mortgage on the land.   There is no question under the evidence that the mortgage which Mr. Loeb was willing to execute would have been a first mortgage on the land. The title was good.   Even if there had been a defect in the title, this plaintiff could not recover in this action upon the ground that the negotiation had failed because of that defect, for he himself, was one of the owners of the title, whether good or bad.   Mr. Loeb, plaintiff admits, was a mere trustee.   Now when a party undertakes to obtain a loan of money for a trustee, he has no right to assume, in the absence of an express covenant to that effect, that the trustee will enter into any obligation which will bind other than the property belonging to the trust.   There is not a scintilla of evidence in this case which warranted the plaintiff in assuming that he was authorized to negotiate a loan for the payment of which Mr. Loeb should pledge his personal credit and execute a bond, with warrant of attorney to confess judgment against him.

The judgment is affirmed.